**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 2:21-cr-0004-DCN-1 |
| | ) | |
| KAREN RHETT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    The following matter is before the court on defendant Karen Rhett's ("Rhett") motion to reconsider sentence, ECF No. 46. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

    On January 6, 2021, the government filed a two-count Information charging Rhett with wire fraud, in violation of 18 U.S.C. § 1343, and filing a false tax return, in violation of 26 U.S.C. § 7206(1). ECF No. 1. On the same day, the government filed an executed plea agreement in which Rhett agreed to plead guilty to both counts in the Information. ECF No. 5. On April 28, 2021, Rhett entered a plea of guilty to the Information. ECF No. 21. On March 28, 2022, Rhett's counsel filed a sentencing memorandum arguing for a variance below the applicable guideline range of thirty-three to forty-one months. ECF No. 34. On April 4, 2022, this court sentenced Rhett to a term of imprisonment of thirty-six months, followed by a term of supervised release of three years, with a restitution amount to be determined. ECF Nos. 40, 41.

    On April 18, 2022, Rhett filed a motion to reconsider her sentence, in which she requests that the court reconsider the sentence imposed and reduce the sentence to a year and a day. ECF No. 46. On May 17, 2022, the government responded in opposition.

1

ECF No. 51. Rhett did not file a reply, and the time to do so has now expired. The court held a hearing on the motion on June 8, 2022. ECF No. 52. As such, the motion is now ripe for the court's review.

## II. DISCUSSION

Title 18 U.S.C. § 3582(b) provides that imposition of a sentence constitutes a final judgment. The court's authority to modify a sentence is extremely narrow. A district court is only authorized to modify or reduce a sentence after imposition: (1) upon a motion by the Director of the Bureau of Prisons ("BOP") or a defendant if "extraordinary and compelling reasons warrant such a reduction"; (2) to correct a sentence if expressly permitted by statute or pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) upon motion by the defendant, the Director of the BOP, or the court, if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(1)–(2).

In this case, neither the BOP nor Rhett have moved for a sentence reduction based on extraordinary and compelling circumstances, and the Sentencing Commission has not amended the applicable guideline range. Rhett has also failed to indicate that any statute allows for a reduction in her sentence. Therefore, the only relevant consideration is whether modification is allowed by Rule 35.

Under Rule 35, a district court may only correct a sentence (1) if the case is remanded by an appellate court for that purpose; (2) on the government's motion for downward departure based on substantial assistance; or (3) for clear error, within seven days of the pronouncement of the sentence. See Fed. R. Crim. P. 35(a)–(c). Beyond

those specific circumstances, a district court has no authority to modify a pronounced sentence under Rule 35. United States v. Apple, 962 F.2d 335, 337 (4th Cir. 1992). Rule 35 does not provide Rhett any relief. The case is not on remand after an appeal, the government has not filed any motion for a sentence reduction, and, despite counsel for Rhett's arguments to the contrary, there is no arithmetical, technical, or other clear error in the judgment.

At the hearing, counsel for Rhett argued that there is clear error in the judgment with respect to the imposed imprisonment term because (1) it was entered before a recent change in Rhett's circumstances and therefore failed to account for those circumstances; and (2) defendants found guilty of similar conduct have received lesser sentences. At the outset, the former argument fails because the court cannot have committed clear error by not considering circumstances that did not exist at the time of sentencing. "Every relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow." United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009) (citing Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment ("The authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to . . . errors which would almost certainly result in a remand of the case . . . .") and collecting cases). "Although courts take different approaches to Rule 35(a), all essentially agree that 'clear error' under the Rule requires some reversible error at the initial sentencing . . . hearing." Id. (emphasis added) (collecting cases). Rhett points to no reversible error that occurred at her initial sentencing. In fact, counsel for Rhett confirmed during the motion hearing that the court properly addressed all then-existing mitigating circumstances at sentencing. For this reason alone, Rhett's argument related

3

to changed circumstances fails. Nevertheless, even if the court considered Rhett's circumstances as they exist today at the first sentencing, they would not warrant a lower sentence.

Rhett first argues that her sentence should be reduced because after sentencing she agreed to additional restitution. By way of background, during the sentencing hearing, the victim, Simmons Realty Company, requested a restitution order of $2,539,220.00. Rhett indicated that she contested the victim's restitution request, and she instead requested restitution in the amount set forth in the presentence report of $1,027,763.63. In its judgment, the court noted that restitution was to be determined at a later date. ECF No. 41. Subsequently, in her instant motion and during the hearing on the same, Rhett consented to the victim's restitution request in the full amount of $2,539,220.00. The parties further agreed during the hearing that Rhett would further owe $478,562.37 in restitution to the Internal Revenue Service ("IRS").[1] Rhett argues that her sentence should be revised to account for the fact that she agreed to pay additional restitution.

Rhett is incorrect in arguing that her acceptance of additional restitution would warrant a lower sentence—even if she had so accepted at the time of sentencing. As set forth in her presentence investigation report, the court reduced Rhett's total offense level under the guidelines by three levels for her acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). As such, she received the maximum adjustment for acceptance of responsibility available and would not have been entitled to any additional reduced levels had she accepted a higher restitution amount. Further, the sentence Rhett

---

[1] Based on this agreement, the court orders restitution in the agreed-upon amounts.

4

received was calculated based on a lower amount of loss to victims than it would have been if Rhett accepted responsibility for the higher restitution amount. In fact, if Rhett had admitted to a higher victim loss amount at the time of sentencing, the corresponding offense level would have been two levels higher, resulting in an imprisonment guideline range of forty-one to fifty-one months rather than the established range of thirty-three to forty-one months. Accordingly, even if the court could consider the "changed circumstances" of Rhett's acceptance of a higher restitution amount, the court would not impose a reduced sentence.

Second, Rhett argues that after her sentencing, she suffered further deterioration in her health that requires thoracic and, most likely, lumbar surgery. Again, these circumstances were not before the court at the time of sentencing and therefore are not grounds for relief under Rule 35. Moreover, even considering this update regarding Rhett's health, the court finds that the proper remedy is not a sentence reduction but, rather, a reasonable extension of time to report to FPC Alderson. The court advises the parties to confer to determine the appropriate length of the extension, and Rhett shall provide the court and the parties a note from her doctor if the parties thereafter dispute the reasonableness of the amount of time Rhett requests for the extension. Accordingly, the court rejects Rhett's assertion of clear error with respect to her changed health conditions.

Additionally, Rhett submitted a report from the United States Sentencing Commission's Interactive Data Analyzer based on a filter that includes fiscal year 2021, in the District of South Carolina, for offenders aged forty-one and older, for the crime of fraud, theft, and embezzlement, in sentencing Zone D, and with a criminal history of I.

ECF No. 46-1. According to this report, seventy-five percent of these offenders were sentenced below twenty-four months. This argument is not tenable under Rule 35 and is not reason to reconsider Rhett's sentence. Rule 35 "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or . . . simply to change its mind about the appropriateness of the sentence." United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997). "Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." United States v. Hernandez, 2013 WL 4026906, at *3 (D. Md. Aug. 6, 2013) (citing Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment).[2] Rhett does not argue that this court improperly applied the sentencing guidelines, but instead argues that her sentence is inappropriate because it is greater than the sentences certain other offenders received. Notably, the report does not take into account the monetary amounts for which the offenders were found guilty of stealing or embezzling. Certainly, it is not unjust for Rhett, who has now admitted responsibility for stealing approximately $3,000,000.00, to receive a higher sentence than an offender responsible for stealing, say, $2,000.00. Therefore, even if the court had authority to reconsider Rhett's sentence in light of this report, it is unpersuaded that it undermines the sentence imposed. In fact, a court in this district recently sentenced a defendant to thirty-three months imprisonment for a wire

---

[2] For similar reasons, the court declines to reconsider the appropriateness of Rhett's sentence in light of her health conditions or family circumstances that existed at the time of sentencing. Specifically, Rhett argues in her motion that her sentence should be reduced because of her fibromyalgia and debilitating depression, as well as her daughter's medical condition and need for her mother's presence and support. Counsel for Rhett conceded during the hearing that the court fully considered those circumstances at sentencing. Therefore, the court declines to address the same further.

fraud conviction with a loss amount of $595,132.34.  See United States v. Marshall, No. 5:21-cr-00841-MGL-1, ECF No. 35 (D.S.C. Jun. 8, 2022).  In other words, a defendant in this district recently received a sentence on par with Rhett's thirty-six-month sentence for stealing an amount far less than Rhett.  The court fails to see how Rhett's sentence of three additional months for five times the amount stolen is unjust.  Accordingly, the court rejects Rhett's argument for sentence reduction based on alleged sentencing disparities.

In sum, Rhett simply attempts to re-do her sentencing, which is not contemplated under the Federal Rules of Criminal Procedure, criminal statute, or otherwise.  See United States v. Freeman, No. 7:17-079-TMC, ECF No. 81 (D.S.C. Jan. 30, 2019) (finding, under similar circumstances, that a district court lacks authority to reconsider a sentence once imposed); United States v. Dalton, 2010 WL 1433148, at *1 (D.S.C. Apr. 8, 2010) (same).  Therefore, the court does not have authority to reconsider Rhett's sentence and denies the motion.

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to reconsider sentence, and, in accordance with the parties' agreement, orders restitution in the amount of $2,539,220.00 to Simmons Realty Company and $478,562.37 to the IRS.  Rhett will have fourteen days from the filing date of this Order to file a notice of appeal of her original conviction and sentence.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 10, 2022
Charleston, South Carolina**